USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___5/31/20___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Peter Chiykowski,

                Plaintiff,

       –v–

Marc Goldner, et al.,

                Defendants.

---

19-cv-2272 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

Plaintiff Peter Chiykowski, a visual artist, comics illustrator, and an author of songs, short stories, webcomics, and comic books and strips, brings this suit against Defendants Marc Goldner and two limited liability companies of which Goldner is an officer and member, Golden Bell Entertainment, LLC and Golden Bell Studios, LLC, alleging copyright infringement, fraudulent inducement, and breach of contract claims, and seeking a declaratory judgment. Before the Court is Defendants' partial motion to dismiss the copyright infringement and declaratory judgment claims for failure to state a claim upon which relief can be granted. For the reasons that follow, Defendants' partial motion to dismiss is DENIED.

## I.      BACKGROUND[1]

Plaintiff is a visual artist, comics illustrator, and an author of songs, short stories, webcomics, and comic books and strips. Second Am. Compl. ¶ 12. He is a Canadian citizen and has resided in Canada or the United Kingdom at all times prior to the commencement of this

---

[1] The following facts are drawn from Plaintiff's Second Amended Complaint (Dkt. No. 22) and are assumed to be true for purposes of Defendants' motion to dismiss. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).

action.  *Id.* ¶ 3.  He popularizes his work under the pseudonym "Rock, Paper, Cynic."  *Id.* ¶ 12.

Plaintiff illustrated and created the characters in a game—"Turtles Riding Airships"—that he

developed with non-party Jason Wiseman.  *Id.* ¶ 14.  In 2017, Plaintiff and Wiseman agreed to

work with Defendants to publish and distribute "Turtles Riding Airships."  *Id.* ¶¶ 16–17.

In March 2017, Plaintiff met Defendant Goldner at an industry convention and discussed

releasing "Turtles Riding Airships" to the public.  *Id.* ¶ 20.  They also discussed a Kickstarter

campaign Plaintiff had recently launched to develop and print two books—"Be a Turtle and

other Secrets to a Happy Life by Rock, Paper, Cynic" and "Is It Canon?"  *Id.* ¶¶ 13, 18, 21.  On

March 24, 2017, Golder informed Plaintiff that he could obtain better pricing for printing

Plaintiff's books than Plaintiff had found and requested that he and Plaintiff discuss a contract to

do so.  *Id.* ¶ 23.  On June 23, 2017, Defendants sent Plaintiff a proposed Collaboration

Agreement for his signature.  *Id.* ¶ 31.  When Plaintiff discovered that this contract included a

previously published book he had never discussed including in the agreement, he immediately

sough clarification from Goldner that he would retain rights to his characters and would be free

to produce work outside the Collaboration Agreement involving these characters.  *Id.* ¶¶ 31–33.

Relying on Goldner's assurances that his characters and future livelihood were protected,

Plaintiff signed this Collaboration Agreement on June 23, 2017.  *Id.* ¶ 35.  Under this agreement,

Plaintiff and Defendant Golden Bell Entertainment agreed to collaborate on "Turtles Riding

Airships" and "Be a Turtle and other Secrets to a Happy Life by Rock, Paper, Cynic."  *Id.* ¶ 36.

On June 30, 2017, Goldner executed the Collaboration Agreement.  *Id.* ¶ 42.

Pursuant to this agreement, Defendants were to pay Plaintiff three advances and provide

him with 1,000 complimentary copies of "Be a Turtle and other Secrets to a Happy Life by

Rock, Paper, Cynic," and Plaintiff was to assign his ownership rights in the agreed-upon works

to Golden Bell Entertainment and give it exclusive rights to print, distribute, and market them. *Id.* ¶ 38; *see also* Dkt. No. 22-10.  Over eight months after Plaintiff signed the Collaboration Agreement, Defendants had failed to print, publish or distribute any books, pay the agreed-upon advances, and deliver Plaintiff his complimentary copies of "Be a Turtle and other Secrets to a Happy Life by Rock, Paper, Cynic." *Id.* ¶ 64.  On November 16, 2018, Golden Bell Entertainment filed an application before the United States Patent and Trademark Office attempting to obtain registration for Plaintiff's mark "Rock, Paper, Cynic." *Id.* ¶ 79; *see also* Dkt. Nos. 22-35, 22-36.

Plaintiff initiated this action on March 13, 2019 by filing a complaint.  *See* Dkt. No. 1. He has since amended his complaint twice.  *See* Dkt. Nos. 11, 22.  The operative complaint, the Second Amended Complaint, was filed on June 7, 2019.  *See* Dkt. No. 22.  On June 28, 2019, Defendants filed the partial motion to dismiss that is now before the Court.  *See* Dkt. No. 25. Plaintiff opposed this motion on July 11, 2019, *see* Dkt. No. 28, and Defendants filed their reply on July 17, 2019, *see* Dkt. No. 30

## II.   LEGAL STANDARD

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts the allegations in the complaint as true and draws all reasonable inferences in favor of the non-moving party.  *McCarthy*, 482 F.3d at 191.

To survive a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In other words, "the complaint's factual allegations must be

enough to raise a right to relief above the speculative level, i.e., enough to make the claim plausible." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (internal citations and alterations omitted) (quoting *Twombly*, 550 U.S. at 555, 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Generally, "the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint" may be considered in assessing whether a claim is sufficient to survive a Rule 12(b)(6) motion. *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

## III.    DISCUSSION

In their partial motion to dismiss, Defendants move this Court to dismiss the first and fourth claims asserted by Plaintiff in his Second Amended Complaint for copyright infringement and a declaratory judgment respectively. For the following reasons, Defendants' motion is denied.

### A.  Copyright Infringement Claim

Defendants argue that Plaintiff has failed to adequately allege each element of his copyright infringement claim. The Court disagrees.

To state a copyright infringement claim, a plaintiff must allege (1) ownership of a valid copyright and (2) infringement of that copyright by the defendant. *See Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). In this Circuit, to adequately allege ownership and infringement, "a plaintiff must generally plead (1) the specific original works [that] are the subject of the copyright claim; (2) that plaintiff owns the copyrights in those works; (3) that the copyrights were registered in accordance with 17 U.S.C. § 411; and (4) the acts by which and the time period during which the defendant infringed the copyright." *DigitAlb, Sh.a v. Setplex, LLC*,

4

284 F. Supp. 3d 547, 554 (S.D.N.Y. 2018) (citing *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992), *aff'd*, 23 F.3d 398 (2d Cir. 1994)).  However, "proof of registration is not necessary if the work . . . originated in a country outside the United States that is a signatory to the Berne Convention for the Protection of Literary and Artistic Works."  *U2 Home Entm't, Inc. v. Kylin TV, Inc.*, No. 06-cv-02770 (DLI), 2007 WL 2028108, at *7 (E.D.N.Y. July 11, 2007).  A party relying on the § 411 registration exemption "must allege that the works are not United States works within the meaning of [17 U.S.C.] § 101."  *DigitAlb*, 284 F. Supp. 3d at 555.

While Defendants argue that registration is an essential prerequisite to commencing a copyright infringement claim, *see* Dkt. No. 26 at 2, they are incorrect.  Contrary to Defendants' contention, *see* Dkt. No. 30 at 1, the exemption of foreign works from the registration requirement is not an "outlier" position.  Rather, this exemption is not only consistent with the text of 17 U.S.C. § 411(a), which requires that only a *United States work* be registered or preregistered before a civil action for infringement can be instituted, but it is also widely recognized by courts in this Circuit.  *See, e.g.*, *DigitAlb*, 284 F. Supp. 3d at 555 ("[N]on-United States works—generally, works first published outside the United States in a foreign country that is a signatory to the Berne Convention—are exempt from registration."); *Kuklachev v. Gelfman*, 600 F. Supp. 2d 437, 473 (E.D.N.Y. 2009) ("Under the clear language of the statute, which refers only to 'any United States work,' foreign works originating in countries party to the Berne Convention need not comply with § 411."); *Jose Armando Bermudez & Co. v. Bermudez Int'l*, No. 99-cv-9346 (AGS), 2000 WL 1225792, at *10 (S.D.N.Y. Aug. 29, 2000) ("No proof of registration is required if the work for which plaintiff seeks protection has been authored in a foreign country covered by an applicable Convention."); *Master Sound Int'l, Inc. v. Polygram Latino U.S.*, No. 98-cv-8468 (DLC), 1999 WL 595661, at *2 (S.D.N.Y. Aug. 6, 1999) ("[P]roof

of registration is not a prerequisite for bringing suit in federal court if the work originated in a

country outside the United States that is a signatory to the Berne Convention."); *see also Joint

Stock Co. Channel One Russia Worldwide v. Infomir LLC*, No. 16-cv-1318 (GBD) (BCM), 2017

WL 696126, at \*12 (S.D.N.Y. Feb. 15, 2017) ("In the United States, the Berne Convention

Implementation Act of 1988 'allows owners of unregistered foreign copyrights from Berne

Convention signatory nations to bring claims of copyright infringement in United States courts.'"

(citations omitted)), *report and recommendation adopted*, 2017 WL 2988249 (S.D.N.Y. Mar. 27,

2017).

Applying the elements articulated above, the Court concludes that the Second Amended

Complaint sufficiently pleads a claim for copyright infringement.  First, it identifies the specific

original works that are the subject of the copyright claim as the illustrations that Defendants

submitted in support of their trademark applications to the United States Patent and Trademark

Office.  Second Am. Compl. ¶ 88.  Second, it alleges that Plaintiff owns the copyright in those

illustrations under Canadian law.  *Id.* ¶¶ 83, 89.  Third, it alleges that these illustrations are not

United States works—and are thus exempt from § 411's registration requirement—because they

were published for the first time in Canada or are unpublished.[2]  *Id.* ¶¶ 84, 88, 90; *see* 17 U.S.C.

§ 101.  And fourth, it alleges that Defendants infringed Plaintiff's copyrights when they used

Plaintiff's illustrations in support of trademark applications they submitted to the United States

Patent and Trademark Office.  *Id.* ¶¶ 82, 88, 91.

Because Plaintiff has adequately alleged a copyright infringement claim, Defendants'

---

[2] The Court takes judicial notice of the fact that Canada is a signatory to the Berne Convention.  *See* World
Intellectual Property Organization, Contracting Parties > Berne Convention,
*https://www.wipo.int/treaties/en/ShowResults.jsp?lang=en&treaty_id=15; see also La Vigne v. Costco Wholesale
Corp.*, 284 F. Supp. 3d 496, 504 (S.D.N.Y. 2018), *aff'd*, 772 F. App'x 4 (2d Cir. 2019) ("Matters suitable
for judicial notice include matters of public record." (citing *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012)).

motion to dismiss this claim is DENIED.

**B. Declaratory Judgment Claim**

Defendants further argue that Plaintiff's declaratory judgment claim should be dismissed because it is duplicative of Plaintiff's breach of contract claim. The Court again disagrees.

"In order to decide whether to entertain an action for declaratory judgment," the Second Circuit has "instructed district courts to ask: (1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty." *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005). Courts reject declaratory judgment claims "when other claims in the suit will resolve the same issues," because, under such circumstances, a declaratory judgment will not serve any useful purpose. *EFG Bank AG v. AXA Equitable Life Ins. Co.*, 309 F. Supp. 3d 89, 99 (S.D.N.Y. 2018).

In this case, Plaintiff's declaratory judgment claim is not duplicative of his breach of contract claim. While his breach of contract claim seeks damages for Defendants' alleged failure to pay advances on, publish, distribute, market, and commercially exploit two of Plaintiff's works—"Turtles Riding Airships" and "Be a Turtle and other Secrets to a Happy Life by Rock, Paper, Cynic"—as required by the Collaboration Agreement, *see* Second Am. Compl. ¶¶ 125– 149, his declaratory judgment claim seeks a declaration regarding ownership rights under the Collaboration Agreement to others of Plaintiff's works, including a September 2018 short story compilation, Plaintiff's Rock, Paper Cynic trademarks, and Plaintiff's future works, *see id.* ¶¶ 150–161. Though his declaratory judgment claim could have been more artfully pleaded to make explicit the nature of the judgment Plaintiff seeks, it is clear that this claim is not

duplicative of any other claims asserted in the Second Amended Complaint.  Accordingly,

Defendants' motion to dismiss the declaratory judgment claim is DENIED.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' partial motion to dismiss is DENIED.

This resolves Dkt. No. 25.  The previously scheduled post-discovery conference will be

held on December 4, 2020 at 3:15 p.m.

SO ORDERED.

Dated: May  31, 2020
      New York, New York

_____
ALISON J. NATHAN
United States District Judge